IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


RICKEY TONEY                                                    PETITIONER

VS.                                     CIVIL ACTION NO. 5:07-cv-4(DCB)
                                        Criminal No. 5:06-cr-1(DCB)(AGN)

UNITED STATES OF AMERICA                                        RESPONDENT


JUDGMENT OF DISMISSAL

This matter is before the Court sua sponte for consideration of dismissal. The Court has reviewed the entire record and finds as follows:

The petitioner previously filed a Motion to Grant Time Spent in Custody, which was denied by the Court. Toney's present motion, though styled a "Motion Under 28 U.S.C. § 2255," is simply a re-urging of his previous motion.[1] The Court has already denied the relief requested and the present motion is therefore denied as moot.

Because Toney filed his motion as one under § 2255, the Court further finds that pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or

_____

[1] A motion for credit of time calls for computation of the service of a legally rendered sentence and is not directed toward the sentence itself so as to be cognizable under 28 U.S.C. § 2255. United States v. Gabor, 905 F.2d 76, 78 (5th Cir. 1990).

(2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).[2] The Court therefore denies a certificate of appealability.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Rickey Toney's "Motion Under 28 U.S.C. § 2255," which the Court construes as a re-urging of his Motion to Grant Time Spent in Custody, is DENIED as moot and dismissed with prejudice.

FURTHER ORDERED AND ADJUDGED that a certificate of appealability is DENIED.

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certifiacte, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

SO ORDERED AND ADJUDGED, this the 24th day of March, 2010.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE